THE VILLAGE OF WHEELING, Plaintiff-Appellee, v. EVANGER'S DOG AND CAT FOOD CO., INC., *et al.*, Defendants-Appellants.

First District (2nd Division) No. 1—09—0575

Opinion filed March 23, 2010.—Rehearing denied April 22, 2010.

Knabe, Kroning & Mainzer, of Chicago (Gregory A. Bedell, of counsel), for appellants.

Klein, Thorpe & Jenkins, Ltd., of Chicago (James W. Fessler and James G. Wargo, of counsel), for appellee.

JUSTICE KARNEZIS delivered the opinion of the court:

Defendants Evanger's Dog and Cat Food Co., Inc. (Evanger's), an Illinois corporation, Holly Sher, president of Evanger's Dog and Cat Food, and Joel Sher, vice president of Evanger's Dog and Cat Food, appeal from the circuit court's order imposing a fine for their failure to comply with plaintiff Village of Wheeling's (the Village) ordinances. Defendants raise numerous contentions on appeal relating to the impropriety of the circuit court's order in imposing the fine. For the following reasons, we vacate the circuit court's order and remand the cause to the circuit court for further proceedings on the Village's second amended complaint.

## BACKGROUND

On August 24, 2006, the Village issued two citations to Evanger's for violating four ordinances in the Wheeling municipal code. The citations were the result of numerous odor complaints the Village received throughout the summer of 2006. The citations were addressed to Evanger's and Holly Sher. Specifically, the citations alleged: failure to

provide tight-fitting garbage can lids—containers of food waste not covered with tight-fitting lids; failure to provide approved containers—food waste held in unapproved containers; failure to remove refuse—accumulation of refuse stored on exterior property; and failure to abate stagnant water—accumulated stagnant water on exterior property.

The notice of hearing attached to the citations indicated that a hearing would be held on September 12, 2006. No one from Evanger's attended the hearing. The court entered an order finding in favor of the Village and finding Evanger's in default. The court specifically found that "[t]he court having heard the evidence of the Village, the court finds the plaintiff has met its burden of proof as to all elements necessary to establish the violations in question and its prayer for relief." The court then ordered Evanger's to pay the Village a fine of $168,000. The fine was comprised of $500 a day for 84 days for each violation, which amounted to $42,000 per violation, times the four violations alleged.

Subsequently, Evanger's filed a motion to vacate the default judgment. The court entered an order continuing the motion.

On January 29, 2007, the Village filed a four-count second amended complaint. The complaint named Evanger's, Holly Sher and Joel Sher as defendants. Count I was entitled "Accumulation of Litter and Refuse," count II was entitled "Public Nuisance," count III was entitled "Unlicensed Vehicles Parked on Property" and count IV was entitled "Zoning Code Violation."

At the next hearing on March 7 and 8, 2007, the court entered an order again continuing the motion to vacate, but ordered the Village to provide defendants with a pretrial memorandum outlining all current ordinance violations with supporting facts. Defendants were then to respond to the memorandum.

The court held a pretrial conference on May 21, 2007, where it continued the motion to vacate but ordered all parties to: identify all semitrailers on the property to be removed or relocated; identify satisfactory containers to be used to store waste on the property; identify the boundaries of the property in relation to stagnant water; identify a satisfactory pallet storage arrangement; identify all vegetation on the property that will be removed; discuss issues related to the blowpipe on the building on the property; and schedule an appointment for a fire inspection of the property.

At the next several hearings, the court again continued the motion to vacate. On March 14, 2008, the court entered an order in which it vacated the default judgment, placed defendants on supervision and ordered defendants to pay restitution. The court's order provided:

"It is hereby ordered that the default judgment previously entered in this cause be and hereby is vacated. The defendants entering a plea of not guilty, and wishing not to contest this matter and stipulating to the testimony of the Village's witnesses, [i]t is hereby found that the defendants are guilty of all of the violations set forth in the second amended complaint filed in this matter. It is hereby ordered that the defendants are placed on court supervision until February 20, 2009 at 9 a.m. in courtroom C—203 and this supervision covers the violations set forth up until today. It is further ordered that the defendants shall pay restitution to the Village of Wheeling for costs and expenses incurred in this matter to date in the sum of $40,000 payable in 12 equal monthly installments."

Approximately five months later, on August 5, 2008, the Village filed a petition to revoke the court's order of supervision. The petition alleged that defendants had failed to comply with the terms of supervision because they had permitted waste materials to accumulate on the property.

The court held a hearing on the Village's petition. After the hearing, the court entered an order granting the Village's petition to revoke the order of supervision.

The court then held a hearing in mitigation and aggravation to determine what penalty it would impose on Evanger's for violating the order of supervision. The court entered an order on January 28, 2009, imposing the same fine as it had originally imposed on defendants of $168,000. Defendants now appeal.

## ANALYSIS

### The March 14, 2008, Order

On appeal, defendants contend the court's March 14, 2008, order was void because the court lacked authority to impose supervision as a penalty for violating the Village's ordinances. We agree.

Here, the Village's ordinances that defendants were alleged to have violated do not provide for supervision as an authorized disposition. The only penalties that the ordinances provide for are fines. See Wheeling Municipal Code §§5.32.140, 5.34.150, 5.46.030, 14.01.010 (2006). Therefore, the court exceeded its authority in imposing a term of supervision, thus making the court's order void. See *City of Chicago v. Cotton*, 356 Ill. App. 3d 1, 6 (2005) (a court acts without authority when it imposes a sentence in excess of that provided by statute).

The Village contends that the court's order was proper because a disposition of supervision was permissible pursuant to the Illinois Municipal Code (Code) (65 ILCS 5/1—1—1 *et seq.* (West 2006)). Section 1—2—1 of the Code provides in part:

"The corporate authorities of each municipality may pass all ordinances and make all rules and regulations proper or necessary, to carry into effect the powers granted to municipalities, with such fines or penalties as may be deemed proper." 65 ILCS 5/1—2—1 (West 2006).

Section 1—2—1.1 of the Code provides in part:

"The corporate authorities of each municipality may pass ordinances, not inconsistent with the criminal laws of this State, to regulate any matter expressly within the authorized powers of the municipality, or incidental thereto, making violation thereof a misdemeanor punishable by incarceration in a penal institution other than the penitentiary not to exceed 6 months." 65 ILCS 5/1—2—1.1 (West 2006).

Since a disposition of supervision is permitted pursuant to section 5—6—1 of the Unified Code of Corrections (730 ILCS 5/5—6—1 (West 2006)), supervision may not be inconsistent with the criminal laws of Illinois. However, even if supervision may be a permissible disposition pursuant to the Code, the Village's ordinances that defendants were alleged to have violated do not provide for supervision. The ordinances only provide for fines as a possible penalty. Consequently, the court's March 14, 2008, order placing defendants on supervision is void. Additionally, the court's January 28, 2009, order terminating defendants' supervision and imposing the $168,000 fine is also void. Therefore, we vacate the court's order placing defendants on supervision and its subsequent order terminating their supervision and fining them $168,000 and remand the cause to the circuit court for further proceedings on the Village's second amended complaint.

In light of the above, it is unnecessary to address defendants' additional contentions. Accordingly, we vacate the circuit court's orders and remand the cause to the circuit court for further proceedings on the Village's second amended complaint.

Vacated; cause remanded.

CUNNINGHAM, P.J., and HOFFMAN, J., concur.